STATE OF HAWAII, Plaintiff-Appellee,
v.
PATRICIA THATE, Defendant-Appellant.
No. 27888.
Intermediate Court of Appeals of Hawaii.
May 21, 2008.
On the briefs:
Deborah L. Kim, deputy public defender, State of Hawaii, for defendant-appellant.
Anne K. Clarkin, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., FOLEY, and FUJISE, JJ.
Defendant-Appellant Patricia Thate (Thate) appeals from the judgment of conviction entered by the Family Court of the First Circuit (the family court)[1] on March 17, 2006, pursuant to a jury verdict returned on March 16, 2006, convicting and sentencing her for Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2004).[2]
Thate contends that the family court committed the following errors: (1) refusing to admit evidence, pursuant to Hawaii Rules of Evidence (HRE) Rule 609,[3] of a prior conviction of the Complaining Witness (CW) for conspiracy to commit wire fraud; (2) allowing into evidence a police officer's "expert" opinion that abuse had occurred and Thate was the first aggressor; (3) prohibiting Thate's counsel from using charts during closing arguments to illustrate the theory of Thate's defense; and (4) sentencing Thate to sixty days in prison where the family court (a) was impermissibly influenced by Thate's refusal to admit guilt, thus violating her constitutional right to due process and against self-incrimination; and (b) punished Thate on an unsubstantiated and speculative fear that her conduct created a risk that she would shatter CW's femur, an uncharged offense.
Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we conclude as follows:
(1) There is insufficient evidence in the record as to the nature of CW's prior conviction to determine whether the offense CW was convicted of constituted a crime involving dishonesty so as to be admissible to impeach CW's credibility pursuant to HRE Rule 609(a). Therefore, the family court did not abuse its discretion by refusing to allow the jury to consider this evidence. See State v. Pacheco, 96 Hawaii 83, 99, 26 P.3d 572, 588 (2001).
(2) The police officer whose testimony is contested by Thate did not render an expert opinion. To the contrary, the police officer was a material witness who related his first-hand account of the appearance, mannerisms, statements, and reports made by Thate and CW after the incident. Under HRE Rule 701,[4] the police officer's testimony was admissible because the opinions or inferences he related were (a) rationally based on his perceptions, and (b) helpful to a clear understanding of why he arrested Thate. He believed an abuse had occurred and that Thate was the primary aggressor. Therefore, the family court did not err in admitting this testimony.
(3) Even if the family court abused its discretion in prohibiting Thate from using charts in her closing argument, such error was harmless. Thate not only had the opportunity to orally present her argument, but virtually everything in the chart that was originally objected to by the prosecution was orally related to the jury, without objection.
(4) The family court plainly erred in sentencing Thate because the record reflects that the family court was improperly influenced by Thate's refusal to admit guilt. State v. Kamana'o, 103 Hawai`i 315, 323-24, 82 P.3d 401, 409-10 (2003).
Therefore, we (1) affirm the judgment of conviction entered by the family court, but (2) remand this case to the family court for resentencing before a different judge.
NOTES
[1] The Honorable Patrick W. Border presided.
[2] At the time Thate allegedly committed the offense with which she was charged, HRS 709-906 (Supp. 2004) provided, in relevant part:

Abuse of family or household members; penalty. (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). . . .
For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.
. . . .
(5) Abuse of a family or household member and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors and the person shall be sentenced as follows:
(a) For the first offense the person shall serve a minimum sentence of forty-eight hours; and
(b) For a second offense that occurs within one year of the first conviction, the person shall be termed a "repeat offender" and serve a minimum jail sentence of thirty days.
. . . .
(6) Whenever a court sentences a person pursuant to subsection (5), it also shall require that the offender undergo any available domestic violence intervention programs ordered by the court. However, the court may suspend any portion of a jail sentence, except for the mandatory sentences under subsection (5)(a) and (b), upon the condition that the defendant remain arrest-free and conviction-free or complete court-ordered intervention.
[3] HRE Rule 609 provides, in relevant part, as follows:

Impeachment by evidence of conviction of crime. (a) General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime is inadmissible except when the crime is one involving dishonesty.
(Emphasis added.)
[4] HRE Rule 701 provides:

Opinion testimony by lay witnesses. If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness, and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.